

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **LECAT'S VENTRILOSCOPE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 16 C 5298** |
| **v.** | ) | |
| | ) | **Chief Judge Rubén Castillo** |
| **MT TOOL AND MANUFACTURING,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Plaintiff Lecat's Ventriloscope filed this suit against Defendant MT Tool &

Manufacturing for alleged infringement of U.S. Patent No. 7,645,141. (R. 1, Compl.) Plaintiff

moves pursuant to Northern District of Illinois Local Patent Rule ("LPR") 1.4 to modify certain

provisions of the standardized protective order in effect under the LPRs (the "default LPR

protective order"). (R. 31, Mot.) Defendant opposes some of the proposed modifications to the

default LPR protective order and Plaintiff filed a Reply. (R. 37, Resp.; R. 39, Reply.) For the

reasons stated below, Plaintiff's motion is granted in part and denied in part. The default LPR

protective order shall be modified in this case as set forth below.

"[T]he [Local Patent] Rules provide for a standardized protective order that is deemed to

be in effect upon the initiation of the lawsuit."[1] N.D. ILL. L.P.R. at pmbl. That standardized

protective order is set forth in LPR Appendix B. *See* N.D. ILL. L.P.R. 1.4. Under LPR 1.4, "[a]ny

party may move the Court to modify the Appendix B protective order for good cause." *Id.*

Plaintiff, as the moving party, bears the burden of showing good cause. *AmTab Mfg. Corp. v.*

---

[1] The Preamble to the LPRs explains further that "confidentiality issues abound in patent litigation," and
that "early entry of a protective order is critical to enable the early initial disclosures of patent-related
contentions that the [Local Patent] Rules require." N.D. ILL. L.P.R. at pmbl.

*SICO Inc.*, No. 11 C 2692, 2012 WL 195027, at *2 (N.D. Ill. Jan. 19, 2012). "The decision whether to modify a protective order is left to the discretion of the District Court." *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, No. 08 CV 6584, 2009 WL 1609395, at *4 (N.D. Ill. June 9, 2009) (citing *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978)); *see also Baystate Techs., Inc. v. Bowers*, 283 F. App'x 808, 810 (Fed. Cir. 2008) ("We . . . review a denial of a motion for modification of a protective order for abuse of discretion."). Plaintiff's proposed modifications to the default LPR protective order are each addressed in turn below.

## I.     Treatment of Confidential Information Disclosed During a Deposition (§ 3(c))

Section 3(c) of the default LPR protective order gives a party 14 days after receipt of a deposition transcript to designate it confidential. N.D. ILL. L.P.R. App. B at 4. Plaintiff proposes to modify section 3(c) to "clarify" that a party may preliminarily designate the entirety of a deposition and its transcript confidential on the record during the deposition (i.e., verbally), but must identify the specific portions that are confidential within 21 days of receiving the transcript, otherwise the preliminary designation is waived.[2] (R. 31, Mot. at 2-3.) Defendant does not oppose requiring the designating party to identify the specific portions of a deposition that are confidential but argues that 21 days is an unnecessarily long time to do so. (R. 37, Resp. at 1.) Defendant is also concerned that Plaintiff's remaining changes to section 3(c) "eliminate the possibility of subsequently designating deposition testimony [as confidential] . . . if that testimony was not previously so designated at the deposition." (*Id.*)

Plaintiff's proposal of 21 days is only seven days more than the default of 14 days, which is reasonable to accommodate the additional work required under Plaintiff's modification of identifying which specific portions of a transcript are confidential, rather than bulk designating

---

[2] For convenience, the Court uses "confidential" to encompass both the "Confidential" and "Highly Confidential" designations contemplated by the default LPR protective order.

the entirety of it as confidential. Defendant's concern about not being able to designate deposition testimony as confidential after the deposition has concluded is insubstantial given the ease with which that can be done verbally during the deposition. It is not at all onerous for a deponent's counsel to be aware that the deponent is discussing or will discuss confidential information during the deposition and designate the deposition accordingly on the record. Section 3(c) shall be modified as proposed by Plaintiff.

**II.    Retention of Another Party's Confidential Materials After the Conclusion of the Case (§§ 4(a) and 8)**

Sections 4(a) and 8 of the default LPR protective order allow a party to use another party's confidential materials only "for purposes of this litigation" and require, at the conclusion of the case, the destruction or return of all confidential materials produced in this case. N.D. ILL. L.P.R. App. B at 5, 8. Plaintiff proposes to modify sections 4(a) and 8 to permit a party to retain another party's confidential materials beyond the conclusion of the case if such materials are subject to "a preservation duty from another pending or anticipated suit." (R. 31-1, Pl.'s Proposed Revisions at 6.) Plaintiff posits that a party may encounter a subsequently arising preservation duty (from another pending or anticipated suit) that covers confidential materials it has received in this case. (R. 31, Mot. at 3.) In that scenario, at the conclusion of this case, "[t]he recipient of another party's confidential information could be faced with either spoliating evidence (in violation of the preservation duty)" if the materials are not preserved, or "violating the Court's Protective Order" by not returning or destroying the materials. (*Id.*) Defendant opposes the modification, arguing that Plaintiff's proposal "could in theory allow the receiving party to hold onto the disclosing [party's] Confidential or Highly Confidential information for years after this litigation is over under the guise of a 'preservation duty' which could be easily feigned." (R. 37, Resp. at 1.)

The Court recognizes that Plaintiff seeks only to "avoid being stuck between a rock and a hard place," (R. 39, Reply at 5), in the event it is subject to a subsequently arising preservation duty that implicates confidential materials it has received in this case. However, the proposed modifications to sections 4(a) and 8 would allow a party to retain another party's confidential materials long after this case concludes with no oversight by the Court or transparency to the producing party as to what is being retained, why, or for how long. This would altogether frustrate the Court's ability to effectively enforce the protective order. If, at the conclusion of this case, a party believes it is bound by a preservation duty to retain or preserve confidential materials produced to it by another party, it can raise the issue at that time and seek appropriate relief. The Court therefore rejects this proposed modification.

## III. Disclosure of Confidential Materials to Electronic Discovery Vendors (§ 4(b)-(c))

Sections 4(b)-(c) of the default LPR protective order enumerate categories of personnel to which a party expressly may disclose another party's confidential information. N.D. ILL. L.P.R. App. B at 5-6. Plaintiff proposes adding "electronic discovery vendors" to this list, so as to not have to "shoehorn[] [them] into one of the existing categories." (R. 31, Mot. at 3-4.) Defendant does not oppose the modification but proposes adding "independent" before the term "electronic discovery vendors." (R. 37, Resp. at 2.) Plaintiff does not oppose this revision. (R. 39, Reply at 5.) Sections 4(b) and (c) shall therefore be modified to reflect Plaintiff's proposed modification and Defendant's agreed-to revision of Plaintiff's proposal.

## IV. Disclosure of Expert/Consultant Identities and Undertaking Form (§ 4(d) and Appendix 1)

Section 4(d) of the default LPR protective order requires that parties disclose the identity and curriculum vitae of any expert or consultant[3] before sharing another party's confidential

---

[3] For brevity, the Court hereinafter uses "expert" to refer to both experts and consultants.

information or materials with that expert. N.D. ILL. L.P.R. App. B at 6. Plaintiff proposes to eliminate this requirement. (R. 31, Mot. at 4.) Plaintiff's concern is that if a party discloses another party's confidential information to its expert in order to elicit an opinion but does not call the expert to testify, "[i]dentifying that expert in advance [as required by section 4(d)] . . . may reveal trial strategy . . . and encourage improper inferences (e.g., that the expert's opinion was negative)." (*Id.*) As best this Court can discern, Plaintiff's "trial strategy" concern is that disclosing even the identity of a party's non-testifying expert could reveal what issues the party thinks are important in the case. Plaintiff's "improper inferences" concern appears to be that a party's retention of a non-testifying expert, once revealed, may be exploited by another party to imply to the jury that the expert reached adverse or unhelpful opinions that are being concealed. In lieu of section 4(d)'s disclosure requirement, Plaintiff proposes that before an expert can be shown another party's confidential information, the expert must certify in writing that they are not a competitor to any party in the case and are not employed by, or a consultant for, any competitor. (*Id.*) Plaintiff proposes to add this written certification to the standard undertaking form (found at Appendix 1 to the default LPR protective order) that experts must complete before being given access to another party's confidential information. (*Id.*)

Defendant opposes Plaintiff's proposed modification to section 4(d), arguing that it would "preclude the disclosing party from objecting to the disclosure of its Confidential or Highly Confidential [information] to a particular expert." (R. 37, Resp. at 2.) Defendant also argues that parties "should generally be able to determine whether [they] want[] to engage a particular expert" without needing to share another party's confidential information with the expert. (*Id.*) The Court does not find good cause for Plaintiff's proposed modification.

First, Plaintiff has not identified anything unique about this case that justifies eliminating section 4(d)'s disclosure requirement. If this case presented unique or uncommon confidentiality considerations, that could constitute the good cause necessary to justify Plaintiff's proposed modification. *See Murata Mfg. Co. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 180 (N.D. Ill. 2006) (observing that "good cause" in the context of modifying a protective order implies "changed circumstances or new situations"). But none are present here. Plaintiff's concerns about potentially revealing trial strategy and encouraging improper inferences, even if well-founded, are not unique to this case: the same concerns would arise in any case where a party retains a non-testifying expert.

Second, Plaintiff's proposal would undermine the obvious purpose of section 4(d)'s disclosure requirement, which is to allow a producing party to ascertain for itself whether disclosure of its confidential information to another party's expert may be improper and object to the disclosure if needed. *See* N.D. ILL. L.P.R. App. B at 6 (allowing a producing party to "object to the disclosure . . . within ten days after . . . the identification" of an expert to whom such disclosure is intended). As Defendant correctly observes, under Plaintiff's proposed modification, parties would not even know when their confidential information is being disclosed to another party's expert, depriving them of the opportunity to object to the disclosure. (R. 37, Resp. at 2.) Parties would instead be forced to trust another party's judgment—in almost all cases, that of an adversary—about the propriety of such disclosures.

Another court in this District rejected a modification of section 4(d) similar to Plaintiff's proposal for precisely this reason. *See* Minute Order, *Weber-Stephen Prods. LLC v. Sears Holding Corp.*, No. 1:13-cv-1686 (N.D. Ill. May 24, 2013), ECF No. 32. Like Plaintiff here, the defendant in *Weber-Stephen Products* sought to modify section 4(d) of the default LPR

protective order to not require disclosing the identity of an expert before sharing another party's confidential information with the expert. Sears' Motion for Entry of Protective Order Governing Discovery at 1, *Weber-Stephen Prods.*, No. 1:13-cv-1686, ECF No. 29. The defendant recognized that the rationale for the disclosure requirement is "to allow the other side an opportunity to object to an expert who might have a conflict by, for example, consulting for a competitor" but argued that parties' litigation strategy and attorney work product would not be protected if "the parties are entitled to learn of an expert's identity . . . before the expert is permitted access to confidential information." *Id.* at 1, 3. The court rejected the proposed modification, reasoning that "[i]n light of the importance of protecting the confidentiality of information," the Local Patent Rules' default protective order "has struck the right balance." Minute Order, *Weber-Stephen Prods.*, No. 1:13-cv-1686. "One side's own investigation of the propriety of disclosure of confidential information [to an expert] is insufficient to protect the other side, particularly from inadvertent failures to realize that disclosure would be inappropriate." *Id.* The rationale articulated in *Weber-Stephen Products* applies with equal force here because Plaintiff is seeking a similar modification to the default LPR protective order for the same reasons advanced in *Weber-Stephen Products.*

Even before the Local Patent Rules were adopted, at least one court in this District approved a protective order provision that, like section 4(d) of the default LPR protective order, required parties to identify in advance to whom they intended to disclose another party's confidential information. In *THK America, Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 461 (N.D. Ill. 1991), the defendant sought a protective order provision that "require[d] a party to inform the

other side as to whom it intends to disclose the other side's confidential materials."[4] *Id.* at 462. The plaintiff objected on grounds similar to Plaintiff's stated concerns here, arguing that the requirement was "unnecessary, burdensome and intrusive." *Id.* The court, however, agreed with the defendant, concluding that "[i]n order to police and enforce the protective order effectively . . . the party producing the confidential materials must know to whom the receiving party intends to disclose [such materials]" and "must be given a fair opportunity to object to a particular proposed recipient before the receiving party makes the disclosure." *Id.* at 462-63. The fact that courts in this District employed disclosure requirements similar to section 4(d) even before the Local Patent Rules were adopted reinforces the conclusion that the default LPR protective order has "struck the right balance" in protecting the confidentiality of information. Minute Order, *Weber-Stephen Prods.*, No. 1:13-cv-1686.

Last, Plaintiff's stated reasons for eliminating section 4(d)'s disclosure requirement, on their own terms, do not persuade this Court. Plaintiff's argument that disclosing non-testifying experts' identities could encourage improper inferences with the jury—while potentially valid[5]— can be raised, if necessary, as an evidentiary issue before or during trial once it is apparent that a party is seeking to create such an inference. *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury . . . ."). Eliminating the disclosure requirement in section 4(d) is not necessary to resolve this concern. Plaintiff's

---

[4] The provision at issue in *THK America* was apparently even broader than section 4(d) of the default LPR protective order, in that it required advance identification of *anyone* to whom a party intended to disclose another party's confidential information, not just experts or consultants. 141 F.R.D. at 462-63.

[5] *See, e.g., Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) (recognizing the possibility, however rare, that "a party may call his opponent to the stand and ask if certain experts were retained in anticipation of trial, but not called as a witness, thereby leaving with the jury an inference that the retaining party is attempting to suppress adverse facts or opinions").

second argument—that it should not have to disclose non-testifying experts' identities because doing so could reveal trial strategy—appears foreclosed by this District's applications of Federal Rule of Civil Procedure 26, which have frequently allowed discovery of non-testifying experts' identities. Under Rule 26, a party ordinarily "may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party . . . to prepare for trial and who is not expected to be called as a witness at trial." FED. R. CIV. P. 26(b)(4)(D).[6] While the Rule expressly shields only "facts known or opinions held" by non-testifying experts, some courts outside this District have concluded that the Rule also shields even the *identity* of such an expert from ordinary discovery. *See, e.g.*, *Martensen v. Koch*, 301 F.R.D. 562, 584 (D. Colo. 2014) ("The Tenth Circuit has held that the identity of a . . . retained expert who is not expected to testify at trial is not discoverable 'except as provided in Rule 35(b) or upon a showing of exceptional circumstances.'" (quoting *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496 (10th Cir. 1980))); *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 250-52 (D. Kan. 2010) (citing *Ager* for the same proposition).[7] In *Layne Christensen*, for example, the defendant sought a protective order provision that, much like section 4(d) of the default LPR protective order, would have required "the advance disclosure of the identity of any consultant or expert to whom [a party] intend[s] to disclose confidential information." *Id.* at 251. The court rejected the proposed provision on the ground that Rule

---

[6] Formerly Rule 26(b)(4)(B). *See* 8A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 2032 (3d ed.) ("[F]ormer Rule 26(b)(4)(B) was renumbered Rule 26(b)(4)(D) when the 2010 amendments regarding expert communications with counsel were added to Rule 26(b)(4). . . . [C]ases interpreting former Rule 26(b)(4)(B) should be just as pertinent because the content of the provision has not been changed; only the numbering has changed.").

[7] *See also Ager*, 622 F.2d at 503 (holding as a matter of first impression that under Rule 26, "the identity, and other collateral information concerning an expert who is retained or specially employed . . . but not expected to be called as a witness at trial, is not discoverable except as 'provided in Rule 35(b) or upon a showing of exceptional circumstances'" (quoting FED. R. CIV. P. 26(b)(4)(B))).

26(b)(4)(D) shielded the identity of non-testifying experts from ordinary discovery. *Id.* at 252. The court also commented that the proposed disclosure requirement would "represent[] an unwarranted intrusion into the party's litigation strategy and would provide the opposing party with an unjust advantage." *Id.*

Courts in this District, by contrast, have repeatedly concluded the opposite—that a non-testifying expert's identity is *not* shielded from ordinary discovery under Rule 26(b)(4)(D). *See, e.g., Estate of Carey ex rel. Carey v. Hy-Temp Mfg. Inc.*, No. 82 C 7171, 1991 WL 161394, at *1 (N.D. Ill. Aug. 19, 1991) (citing *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 256, 260 (N.D. Ill. 1979), for proposition that non-testifying consultant's identity "was not protected from discovery"); *Ross v. Burlington N. R.R. Co.*, 136 F.R.D. 638, 639 (N.D. Ill. 1991) (recognizing that parties "may be required to disclose the identities of non-testifying expert witnesses even without a showing of exceptional circumstances"); *Wieboldt Stores, Inc. v. Schottenstein*, No. 87 C 8111, 1990 WL 251727, at *1 (N.D. Ill. Dec. 27, 1990) (observing that Rule 26 "protects from discovery neither the identities of non-testifying experts nor facts known to a party through a non-testifying expert").[8] Indeed, the court in *In re Welding Fume Products Liability Litigation*, 534 F. Supp. 2d 761 (N.D. Ohio 2008), expressly recognized that "a split in authority" exists in interpreting Rule 26(b)(4)(D), with decisions in the Northern District of Illinois allowing discovery of non-testifying experts' identities. *Id.* at 767-68 & n.8. It would be incongruous to

---

[8] The Court is unable to find any authority from the U.S. Court of Appeals for the Seventh Circuit that directly bears on this question. However, the Court recognizes that there exists very brief dictum in one Seventh Circuit case suggesting a contrary view. *See S.E.C. v. Koenig*, 557 F.3d 736, 744 (7th Cir. 2009) (citing former Rule 26(b)(4)(B) for the proposition that "[a] witness identified as a testimonial expert is available to either side; such a person can't be transformed after the report has been disclosed, and a deposition conducted, to the status of a trial-preparation expert *whose identity and views may be concealed*" (emphasis added)); *see also Hartford Fire Ins. Co. v. Transgroup Express, Inc.*, No. 09 C 3473, 2009 WL 2916832, at *4 (N.D. Ill. Sept. 1, 2009) (quoting same language from *S.E.C. v. Koenig*, recognizing that "quoted portion is dicta").

eliminate section 4(d)'s disclosure requirement in order to shield non-testifying experts'
identities when courts in this District have repeatedly allowed discovery of such experts'
identities under Rule 26. The Court therefore rejects this proposed modification.

## V.      Expense of Hard Copy Document Production (§ 5)

Section 5 of the default LPR protective order requires that "[a] party producing
documents as part of discovery must, upon request, furnish the requesting party with one copy of
the documents it requests, at the requesting party's expense." N.D. ILL. L.P.R. App. B at 7.
Plaintiff proposes to eliminate the requirement that the requesting party pay for such copies, to
"reflect the standard practice that 'a responding party ordinarily bears the costs of responding' to
discovery." (R. 31, Mot. at 4 (quoting FED. R. CIV. P. 26 advisory committee's notes).)
Defendant does not oppose this modification. (R. 37, Resp. at 2.) Section 5 shall therefore be
modified as proposed by Plaintiff.

## VI.     Return / Disposal of Materials Upon Conclusion of Case (§ 8)

Section 8 of the default LPR protective order requires that "[u]pon the conclusion of this
case, each party must return to the producer all documents and copies of documents containing
the producer's [confidential] information, and must destroy all notes, memoranda, or other
materials derived from or in any way revealing confidential or highly confidential information."
N.D. ILL. L.P.R. App. B at 8. Section 8 allows that "[a]lternatively, if the producer agrees, the
party may destroy all documents and copies of documents containing the producer's
[confidential] information." *Id.* Plaintiff proposes to modify section 8 so that, at the conclusion
of the case, parties are required only to return the original media (e.g., CD/DVD) on which
confidential materials were produced and are permitted to destroy rather than return any
confidential materials copied from the original media to another medium (e.g., to a hard drive or
network storage). (R. 31, Mot. at 4-5.) Plaintiff seeks to ensure, for example, that if a party

11

produces "a CD containing [confidential] electronically stored information [(ESI)] . . . and the recipient copies that ESI onto [its] computer, the recipient will be in compliance with this section if [at the conclusion of the case] the recipient returns the original CD to the producer and deletes the ESI copied onto [its] computer." (*Id.* at 5.) Defendant does not oppose Plaintiff's modification, but suggests that Plaintiff's use of the term "Originals" be replaced with "Original production" to avoid potential confusion with an "Original" document as that term is commonly understood. (R. 37, Resp. at 2.) Plaintiff does not oppose Defendant's revision in terminology. (R. 39, Reply at 6.) Since the parties do not dispute how section 8 should be revised, it shall be modified as proposed by Plaintiff, as further modified by Defendant's agreed-to revision.

## VII.    "Good Cause" for Inspecting Original Documents (§ 9)

Section 9 of the default LPR protective order requires that "[t]he actual 'original' [of a produced document], in whatever form the producing party has it, must be made available to any other party within ten days after a written request." N.D. ILL. L.P.R. App. B at 8. Plaintiff proposes to modify section 9 so that a party wanting to inspect the "original" of any produced document would first have to demonstrate "good cause" to the producing party. (R. 31, Mot. at 5.) As Defendant accurately observes, this modification would serve only to invite disputes over whether a party's proffered reasons constitute good cause. (R. 37, Resp. at 2-3.) Plaintiff's worry that, absent a good-cause requirement, parties could tender "standing written request[s] demanding 'originals' of all produced documents," (R. 31, Mot. at 5), is speculative. Plaintiff has identified no case in which that has ever happened, and as a tactical matter making such a request would not be productive because the same request could be tendered right back. Such a vexatious request could also be brought to the Court's attention by appropriate motion. The Court therefore rejects Plaintiff's proposed modification to section 9.

12

## VIII. Handling of Compulsory Process (New § 10)

Plaintiff proposes to add a new section 10 to the protective order under which a recipient of compulsory process (e.g., a subpoena from a third party in an unrelated suit) that implicates confidential information produced by a party in this suit would have to immediately notify the producing party that a subpoena has been received. (R. 31, Mot. at 6.) Under new section 10, the recipient of the subpoena would also have to refrain from divulging the confidential information sought until the producing party has had an opportunity to obtain relief from the subpoena. (*Id.*) Defendant does not oppose this new section 10 but proposes a revision so that it is the producing party's responsibility to obtain relief from a subpoena only if "reasonable time to take appropriate steps has been provided." (R. 37, Resp. at 3.) Under Defendant's proposal, if the producing party is not afforded "reasonable time" to seek relief from the subpoena, it would not be that party's responsibility to obtain relief.

The Court finds that the additional language proposed by Defendant is vague and creates uncertainty about whose responsibility it is to obtain relief from a subpoena if, through no fault of any party, "reasonable time" is not available to do so. So long as the recipient of a subpoena complies with proposed section 10 by "immediately" notifying the party whose confidential materials are implicated, that party will have as much time as is available to obtain relief. Therefore, new section 10 shall be added as proposed by Plaintiff, without Defendant's proposed modification.

## IX. Re-designation of Confidential Materials by the Court

As previously directed by the Court, (*see* R. 33, Min. Entry), the protective order should include a final paragraph stating "The Court retains the final authority to re-designate any confidential matter as a public document."

## CONCLUSION

Plaintiff's motion to modify the standard protective order, (R. 31), is GRANTED in part and DENIED in part. Counsel are DIRECTED to electronically submit a proposed Protective Order for entry by the Court.

Counsel for the parties are also encouraged to work more cooperatively in the future on procedural issues such as this. As reflected above, the parties briefed several issues regarding the default LPR protective order that it turns out they actually did not disagree about or on which they likely could have reached agreement without Court intervention had they cooperated more fully.

ENTERED:

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: January 20, 2017**

14