FILED
MAR 07 2019
Chief Judge Ruben Castillo
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LECAT'S VENTRILOSCOPE, | ) |
| | ) |
| Plaintiff, | ) Case Number: 1:16-cv-05298 |
| | ) |
| v. | ) Chief Judge Ruben Castillo |
| | ) |
| MT TOOL AND MANUFACTURING, | ) Magistrate Judge Jeffrey T. Gilbert |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Lecat's Ventriloscope moves the Court at this time, pursuant to Fed. R. Civ. P. 50(a), for a Judgment as a Matter of Law that Defendant MT Tool and Manufacturing induced others to infringe Plaintiff's U.S. Patent No. 7,645,141 (the "'141 Patent"), that Defendant contributed to the infringement of the '141 Patent, that such infringement was willful, and that the '141 Patent is valid and enforceable. This motion is supported by the following facts adduced at trial:

1. The only method in which Defendant instructed its customers to use the MT S-Scope correlates with each step of the patented method.

2. That at least one such customer has used the MT S-Scope to practice the patented method.

3. The stethoscope portion of the MT S-Scope is functionally equivalent to an auscultation device as used in the asserted claims, in that it:

    - simulates auditory findings;
    - is placed by a user relative to a patient;

1

- is able to demonstrate the position of placement to an observer;
- is capable of receiving an audio signal from a remote transmitting device;
- is capable of communicating at least one sound represented by the audio signal to the user.

4. Defendant knew of the '141 Patent, despite statements that demonstrated an attempt to willfully blind itself to that fact.
5. Defendant failed to produce clear and convincing evidence from which a reasonable jury could find that the '141 Patent is either invalid or unenforceable.

Moreover, Plaintiff moves the Court to award compensatory damages for the total number of MT S-Scopes sold; which, if such number was represented truthfully by MT Tool, is as follows:

- $6,317 x 27 = $170,559 (lost gross margin)
- $4,000 x 27 = $108,000 (lost add-on sales)
- TOTAL = $278,559

In addition, Plaintiff moves the Court to declare this case exceptional, due in part to litigation misconduct on the part of Defendant, and, because of the willful infringement, award an appropriate multiplier to the compensatory damages awarded, along with reasonable attorney fees. In *SRI Int'l, Inc. v. Cisco Sys., Inc.*, the court found that the defendant's conduct during litigation, along with the jury's finding of willful infringement, warranted a conclusion of exceptionality under 35 U.S.C. § 285. 254 F. Supp. 3d 680, 723 (D. Del. 2017). The court

found that the defendant "created a substantial amount of work for both [the plaintiff] and the court, much of which work was needlessly repetitive or irrelevant or frivolous." *Id.*

Respectfully submitted,

Dated: March 7, 2019

/s/ Sergey Vernyuk
Sergey Vernyuk (OH 0089101)
sv@etblaw.com
Jon A. Troyer (OH 0080888)
jat@etblaw.com
Roger D. Emerson (OH 0037731)
roger.emerson@etblaw.com
**EMERSON THOMSON BENNETT, LLC**
1914 Akron-Peninsula Road
Akron, OH 44313
Phone: 330-434-9999
Fax: 330-434-8888

Ronald B. Kowalczyk (ARDC#6274373)
rkowalczyk@kowalczyklaw.com
**KOWALCZYK LAW OFFICES**
100 Illinois Street, Suite 200
Saint Charles, IL 60174
Phone: 630-665-2224

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion is being served personally and by e-mail on the following date to:

Charles T. Riggs Jr.
riggs@riggs.pro
**LAW OFFICE OF CHARLES T. RIGGS JR.**

John F. Rollins
tlojfr@gmail.com
**LAW OFFICE OF JOHN F. ROLLINS**

Date: March 7, 2019

/s/ Sergey Vernyuk
Sergey Vernyuk (OH 0089101)
sv@etblaw.com
**EMERSON THOMSON BENNETT, LLC**
1914 Akron-Peninsula Road
Akron, OH 44313
Phone: 330-434-9999
Fax: 330-434-8888